IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | | |
|---|---|---|
| MICHELE BRYCE, | * | Civil Action No. 3:20cv16 |
| Plaintiff, | * | |
| V. | * | **COMPLAINT FOR DAMAGES** |
| CHOICE HOTELS INTERNATIONAL, LLC, | * | 1. Assault within Maritime and |
| HOMELAND SECURITY, | * |    Territorial Jurisdiction of the |
| FEDERAL BUREAU OF INVESTIGATION, | * |    United States 18 USC § 113(b) |
| VIRGINIA STATE POLICE DEPARTMENT, | * | 2. Conspiracy against Rights |
| SALEM OREGON POLICE DEPARTMENT, | * |    18 USC § 241 |
| Defendants. | * | **JURY TRIAL DEMANDED** |

## TABLE OF CONTENTS

I. INTRODUCTION .......................................................... Pg. 1

II. JURISDICTION AND VENUE ............................................. Pg. 2

III. PARTIES

    a) PLAINTIFF .......................................................... Pg. 2

    b) DEFENDANTS ...................................................... Pg. 2

IV. STATEMENT OF RELEVANT FACTS ...................................... Pg. 3

V. CAUSES OF ACTION

    a) Assaults within Maritime and Territorial Jurisdiction of the

       United States 18 USC § 113(b) ................................... Pg. 6

    b) Conspiracy against rights 18 USC § 241 ............................ Pg. 7

VI. PRAYER FOR RELIEF ................................................... Pg. 9

VII. JURY TRIAL DEMANDED .............................................. Pg. 10

## INTRODUCTION

1. **NOW COMES PLAINTIFF, MICHELE BRYCE** (BRYCE), and alleges that she was harmed with substantial bodily injury, by and/or by the nature of their actions, DEFENDANTS, CHOICE HOTELS INTERNATIONAL, LLC (CHOICE), HOMELAND SECURITY (HOMELAND), FEDERAL BUREAU OF INVESTIGATION (FBI), VIRGINIA STATE POLICE DEPARTMENT (VSPD) and SALEM OREGON POLICE DEPARTMENT (SOPD), pursuant to 18 USC § 113(b), which reads as follows:

    **Assaults within Maritime and Territorial Jurisdiction of the United States**
    (b) Definitions.-In this section-
    (1) the term "substantial bodily injury" means bodily injury which involves-
    (A) a temporary but substantial disfigurement; or
    (B) a temporary but substantial loss or impairment of the function of any bodily member, organ, or mental faculty;

2. DEFENDANTS did further commit conspiracy to carry out, allow, ignore, encourage said substantial bodily injury, pursuant to 18 USC § 241, which reads as follows:

    **Conspiracy against rights**

    If two or more persons conspire to injure, oppress, threaten, or intimidate any person in any State, Territory, Commonwealth, Possession, or District in the free exercise or enjoyment of any right or privilege secured to him by the Constitution or laws of the United States, or because of his having so exercised the same; or

    If two or more persons go in disguise on the highway, or on the premises of another, with intent to prevent or hinder his free exercise or enjoyment of any right or privilege so secured-

    They shall be fined under this title or imprisoned not more than ten years, or both; and if death results from the acts committed in violation of this section or if such acts include kidnapping or an attempt to kidnap, aggravated sexual abuse or an attempt to commit aggravated sexual abuse, or an attempt to kill, they shall be fined under this title or imprisoned for any term of years or for life, or both, or may be sentenced to death.

1

3. And further, that all DEFENDANTS are responsible for said substantial bodily injury due to each ones participation in a conspiracy to allow physical harm to be effected upon BRYCE by an unidentified assailant, for the benefit of and on behalf of DEFENDANT, CHOICE.

4. DEFENDANTS, HOMELAND, FBI, VSPD and SOPD were aware of the intent of harm to be effected upon BRYCE and, by the nature of their actions, were complicit with DEFENDANT, CHOICE in the conspiracy to bring harm upon BRYCE.

## JURISDICTION AND VENUE

5. Jurisdiction is proper per 28 USC § 1332(a)(1) and 28 USC § 1346(b)(1) as United States Agencies are Defendants and Diversity of Citizenship.

6. Venue is also proper per 28 USC § 1391(b)(2) as a substantial part of the events occurred in this district.

## PARTIES

7. PLAINTIFF: Michele Bryce
United States Citizen
4532 W. Kennedy Blvd.
Tampa, FL 33609

8. DEFENDANTS: (1) Choice Hotels International, LLC
United States Corporation
C/O Corporation Service Co.
251 Little Falls Drive
Wilmington, DE 19808
(2) Federal Bureau of Investigation
United States Government Agency
935 Pennsylvania Ave. NW
Washington, DC 20535
(3) Homeland Security
United States Government Agency
Office of General Counsel
MS-0485
2707 Martin Luther King Jr. Ave. SE
Washington, DC 20528

      (4) Virginia State Police Department
          United States Government Agency
          7700 Midlothian Turnpike North
          Chesterfield, VA 23235

      (5) Salem Oregon Police Department
          United States Government Agency
          555 Liberty St. SE
          Salem, OR 97301

## STATEMENT OF RELEVANT FACTS

9. On, or about, November 18, 2017 BRYCE filed a complaint against CHOICE in the Courts, asserting that CHOICE's hotel guest room telephones were not up to code, as required by law, allowing guests to dial nine, one, one (911) directly, without first having to dial a nine (9) to obtain an outside line. This matter was dismissed by the Court. A second filing was made in January, 2018, also dismissed. BRYCE immediately filed a Notice of Appeal in that matter.

10. On, or about, March 15, 2019, BRYCE was contacted by a person who claimed to be working on behalf of CHOICE and instructed BRYCE to cease and desist with the filing of an appeal in the matter against CHOICE. Further, BRYCE was informed that any continued actions taken against CHOICE would result in BRYCE's imminent death.

11. BRYCE immediately contacted SOPD to report the threat. BRYCE met with an Officer of the SOPD, who stood before BRYCE the entire time with hands folded at the waist, refusing to accept evidence of threat nor taking any notes, and instructed BRYCE to get a good night's rest and to reconsider reporting this threat.

12. On, or about, April 10, 2019, BRYCE filed an appeal in the matter against CHOICE with the Ninth Circuit Court in San Francisco, CA. After filing said appeal, BRYCE was

approached, in person, by CHOICE's assailant/employee enforcing the threat made in Salem, Oregon. CHOICE's assailant/employee, placed himself directly in front of BRYCE, made a gun figure using his hand and fingers, pointed this simulated weapon in BRYCE's face and stated that BRYCE had made a poor decision in filing the before mentioned appeal.

13. Immediately, BRYCE contacted the FBI. The intake person stated that someone from the FBI would contact BRYCE within seven (7) to ten (10) business days. After the aforementioned time had passed, with no contact from FBI, again BRYCE contacted the FBI. This time BRYCE was told that it would be in BRYCE's best interest to disappear.

14. On, or about, June 14, 2019, BRYCE contacted office of United States Government Contracts Division, to inform them of CHOICE's noncompliance with maintaining CHOICE's government contracted facilities per code and the danger to military/government employees. HOMELAND immediately opened an investigation into BRYCE for making threats against CHOICE.

15. BRYCE was contacted by Special Agent Frank Skrtic, Region 4, Threat Management Branch, Federal Protective Service of HOMELAND. When BRYCE gave evidence to Special Agent Frank Skrtic that it was, in fact, CHOICE which had made threats against BRYCE and was, in fact, in violation of CHOICE's government contract, HOMELAND immediately closed the case.

16. On, or about, June 16, 2019, BRYCE was contacted by Brenda Boykin, stating she was General Counsel of the FCC division of HOMELAND and further stated that CHOICE

4

would not be investigated anytime in the distant future. When BRYCE inquired as to HOMELAND investigating the murder threats CHOICE had made against BRYCE, Brenda Boykin stated that this was not HOMELAND's problem, but good luck.

17. On, or about, November 27, 2019, BRYCE posted on social media that BRYCE would be continuing the case against CHOICE up to the Supreme Court. Within hours of this posting, BRYCE was attacked, beaten, repeatedly kicked in the head and left lying unconscious on the side of Highway 95, just outside of Richmond, Virginia, by CHOICE's assailant/employee whom had presented himself on behalf of CHOICE on two previous occasions.

18. When BRYCE regained consciousness, BRYCE sought medical attention at Southern Regional Medical Center, located in Petersburg, Virginia, where hospital staff contacted VASPD for BRYCE to file a formal report. Prior to meeting with VASPD, a person entered BRYCE's room, claiming to be a victim's advocate, and removed all traces of DNA evidence of CHOICE's assailant/employee from BRYCE's person.

19. BRYCE then met with VASPD and, to the best of BRYCE's ability, notwithstanding the severe head trauma BRYCE had endured, reported the attack. Within the hour, BRYCE was escorted by two uniformed police officers, to Southern Regional Medical Center's locked psychiatric facility for criminal detainees. BRYCE was detained at this locked facility, without care for head trauma or wounds, against BRYCE's will, without cause, without the ability to contact a lawyer, without any formal hearing or trial, for six days. Upon BRYCE's release from this unlawful detention, BRYCE was informed that all DNA evidence collected of CHOICE's assailant/employee, had been destroyed.

## CAUSES OF ACTION

### FIRST CAUSE OF ACTION:

### Assaults within Maritime and

### Territorial Jurisdiction of the United States 18 USC § 113(b)

20. Plaintiff hereby re-alleges and incorporates by reference each and every allegation contained above as if fully set forth herein.

21. Plaintiff alleges, that at all times relevant herein, Defendants, each of them, inflicted or allowed to be inflicted, unlawfully, assault resulting in substantial bodily injury upon Plaintiff, including, but not limited to: (1) hiring, compensating encouraging, or by such other means, assailant/employee to stalk, intimidate, inflict substantial bodily injury and threaten further imminent danger to Plaintiff should Plaintiff continue with prior suit against CHOICE; (2) refusing to report, take evidence, protect, or in any manner, prevent the infliction of substantial bodily injury to Plaintiff when informed of said imminent danger, all the while protecting and thus conspiring with CHOICE.

22. Plaintiff alleges, that at all times, as a citizen of these United States and a victim of CHOICE's unlawful telephone connections within CHOICE's hotel rooms, maintained the right to file suit against CHOICE for dereliction of duty to the citizens of these United States and to Plaintiff, without intimidation or the infliction of substantial bodily injury.

23. Plaintiff further alleges, that because Plaintiff refused to discontinue the suit against CHOICE, assailant/employee did, on November 27, 2019, physically assault Plaintiff, causing substantial bodily injury, severely beating, severely and repeatedly kicking in the

head, leaving Plaintiff unconscious on the side of Highway 95 and did instruct Plaintiff that this would be the last warning, implying soundly to Plaintiff that the next encounter with CHOICE's assailant/employee would result in Plaintiff's imminent death.

## SECOND CAUSE OF ACTION:
### Conspiracy against rights
### 18 USC § 241

24. Plaintiff hereby re-alleges and incorporates by reference each and every allegation contained above as if fully set forth herein.

25. Plaintiff alleges, that at all times, if not simply as a citizen of these United States, but as a human being, Plaintiff was owed a duty by Defendants HOMELAND, FBI, VSPD and SOPD to protect and serve Plaintiff against CHOICE's assailant/employee, when informed of the imminent danger to Plaintiff, each by their actions conspiring with and at all times protecting CHOICE.

26. Plaintiff further alleges, on or about March 15, 2019, Plaintiff encountered CHOICE's assailant/employee, at which time CHOICE's assailant/employee informed Plaintiff that any further action taken, regarding suit against CHOICE, would end with Plaintiff's imminent death, at which point Plaintiff immediately informed Defendant SOPD who refused to accept evidence and was turned away to fend for oneself, being instructed by SOPD to get a good nights rest and reconsider reporting the threat by CHOICE's assailant/employee, by SOPD's actions conspiring with and protecting CHOICE.

27. Plaintiff further alleges, on or about April 10, 2019, Plaintiff had a second encounter with CHOICE's assailant/employee in San Francisco, CA, after filing further action against CHOICE in the previous suit, at which point CHOICE's assailant/employee placed himself in Plaintiff's path and configured a gun of his right hand, pointing this configuration in Plaintiff's face, stating that Plaintiff had made a poor choice in filing the

7

further action, at which time Plaintiff immediately informed the local office of Defendant FBI, where Plaintiff was informed that someone would contact Plaintiff within seven (7) to ten (10) days. Defendant FBI did not contact Plaintiff, as promised. Plaintiff again contacted Defendant FBI, and was this time instructed that it would be in Plaintiff's best interest to disappear, by FBI's actions conspiring with and at all times protecting CHOICE.

28. Plaintiff further alleges, on or about June 14, 2019, Plaintiff informed office of Government Contracts, whose job it is to ensure that all contracted companies maintain safe facilities which are kept up to code, that CHOICE's facilities were not up to code endangering the lives of military/government personnel, at which point HOMELAND immediately opened an investigation into Plaintiff, alleging that Plaintiff was threatening CHOICE, until Plaintiff gave evidence to HOMELAND that it was, in fact, Plaintiff who was being threatened by CHOICE, at which point HOMELAND immediately closed HOMELAND's investigation into Plaintiff, yet refused to investigate CHOICE's threat of imminent danger against Plaintiff, stating that HOMELAND would not be investigating CHOICE anytime in the distant future, further stating that protecting Plaintiff is not HOMELAND's responsibility and offering a salutation of good luck to Plaintiff in avoiding CHOICE's assailant/employee, by HOMELAND's actions conspiring with and at all times protecting CHOICE.

29. Plaintiff further alleges, on or about November 27, 2019, Plaintiff posted, on social media, intentions to continue suit against CHOICE up to the Supreme Court, at which point CHOICE's assailant/employee inflicted substantial bodily injury upon Plaintiff, which Plaintiff reported to VSPD, whom, not only refused to collect physical evidence of attack, but also either ignored, constructed or assisted with the illegal incarceration of Plaintiff, by VSPD's actions conspiring with and at all times protecting CHOICE.

30. At all times prior to, and including each incident, Defendants, and each of them, carelessly, recklessly, and/or unlawfully acted, and/or failed to act, including, but not limited to, conspiring, failing to perform mandatory duties so as to cause substantial bodily injury and threat of imminent death upon Plaintiff, all the while protecting CHOICE.

31. As a direct and legal result of the wrongful acts and/or omissions of Defendants, and each of them, Plaintiff endured great pain and suffering from being beaten, resulting in substantial bodily injury, resulting in a time of unconsciousness, and receiving no medical attention for substantial head injuries, causing possible long-lasting damage, pain and suffering upon Plaintiff.

WHEREFORE, Plaintiff prays for relief set forth below.

## PRAYER FOR RELIEF

32. WHEREFORE, Plaintiff prays for judgement against Defendants as hereinafter set forth;

    a. For compensatory and general damages against Defendants in an amount according to proof,

    b. For past and future medical, incidental, and service expenses according to proof,

    c. For pre- and post-judgement interest on all damages as allowed by law,

    d. For cost of suit incurred herein,

    e. For such other and further relief as the Court may deem just and proper.

January 3, 2020  _____

Michele Bryce, Pro Se
4532 W. Kennedy Blvd.
Tampa, FL 33609
(646) 266-1070

## JURY DEMAND

33. Plaintiff demands trial by jury on all issues so triable.

January 3, 2020

*/s/ M S Bryce*

Michele Bryce, Pro Se
4532 W. Kennedy Blvd.
Tampa, FL 33609
(646) 266-1070

10